UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAY PATRICK MELLEN,            )
            Plaintiff,         )
                               )
            v.                 )
                               )        C.A. No.  10-10439-DPW
DEMOULAS SUPER MARKETS, INC.,  )
et al.,                        )
            Defendants.        )

MEMORANDUM AND ORDER

For the reasons set forth below, plaintiff's application to proceed in forma pauperis is granted and plaintiff is directed to demonstrate good cause why this action should not be dismissed for lack of subject matter jurisdiction.

BACKGROUND

On March 15, 2010, Plaintiff Jay Patrick Mellen filed this action for damages arising from food poisoning he allegedly experienced after purchasing and eating prepared foods from a Market Basket grocery store in Tewksbury, Massachusetts.  Mellen contends that the alleged poisoning was part of a murder conspiracy on the part of (1) a Market Basket employee identified as Kevin, (2) an unidentified store manager; (3) the corporate parent company identified as Demoulas Super Markets; (4) the President of Demoulas Super Markets, Arthur T. Demoulas; (5) Market Basket; and (6) Valley Properties, a subsidiary of Demoulas Super Markets.

The complaint is brought pursuant to the Fourteenth Amendment of the United States Constitution; 42 U.S.C. § 1985(3)

and the following Massachusetts statutes: M.G.L. Ch. 93A, § 9;

M.G.L. Ch. 265, § 37; M.G.L. Ch. 274, §§ 2, 4, 7; and M.G.L. Ch.

12, § 11I.

DISCUSSION

I   <u>The Motion for Leave to Proceed In Forma Pauperis</u>

    Mellen's financial disclosures contained in his Motion for

Leave to Proceed in forma pauperis (Docket No. 2), reveal that he

owns no property and has no funds.  He indicates that he is "self

employed" and that he receives $600 from donations.  He has a

daughter and contributes whatever he "can afford" for her

support.  On this financial record, Mellen has demonstrated

sufficiently that he lacks funds to pay the $350.00 filing fee

for this action.  Accordingly, his Motion for Leave to Proceed in

forma pauperis (Docket No. 2) is hereby ALLOWED.

II   <u>Screening of the Complaint</u>

    Because Mellen is proceeding in forma pauperis, his

complaint is subject to screening under 28 U.S.C. § 1915(e)(2).

This statute authorizes federal courts to dismiss actions in

which a plaintiff seeks to proceed without prepayment of fees if

the action is malicious, frivolous, fails to state a claim upon

which relief may be granted, or seeks monetary relief against a

defendant who is immune from such relief.  <u>See</u> 28 U.S.C. §

1915(e)(2);  <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992);

<u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

In conducting this review, the Court liberally construes the complaint because Mellen is proceeding pro se.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  To survive preliminary screening, the factual allegations must "possess enough heft" to set forth "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 559 (2007); Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008).

Even under a broad reading of the complaint, the Court finds that this action is subject to dismissal because this Court lacks subject-matter jurisdiction.  Mack v. Massachusetts, 204 F. Supp.2d 163, 166 (D. Mass. 2002) (dismissing for lack of subject matter jurisdiction).

III  This Court Lacks Subject Matter Jurisdiction

Because federal courts are considered courts of limited jurisdiction, "federal jurisdiction is never presumed." Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998).  Instead, "'the party invoking the jurisdiction of a federal court carries the burden of proving its existence.'"  Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995), cert. denied, 515 U.S. 1144, 115 S.Ct. 2581, 132 L.Ed.2d 831 (1995) (quoting Taber Partners, I v. Merit Builders, Inc., 987 F.2d 57, 60 (1st Cir.), cert. denied, 510 U.S. 823, 114 S.Ct. 82, 126 L.Ed.2d 50 (1993)); see also Johansen v. U.S., 506 F.3d 65, 68 (1st Cir. 2007).  Thus, Mellen bears the burden of proving that federal jurisdiction exists for

this action.

Federal district courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. They also have jurisdiction over all civil actions where the matter in controversy is greater than $75,000 and the action is between parties of diverse citizenship. 28 U.S.C. § 1332(a).

A.    Diversity of Citizenship

The Court has no reason to believe that diversity subject matter jurisdiction exists. See 28 U.S.C. § 1332. Mellen appears to be a resident of Boston and states that the defendants live, work or are incorporated in Massachusetts. Even if Mellen is not a citizen of Massachusetts, complete diversity of citizenship does not exist because the citizenship of plaintiff is not diverse from that of each defendant. Mellen and the defendants are alleged to be residents of Massachusetts.[1] Because diversity jurisdiction under Section 1332 does not exist, this Court lacks subject matter jurisdiction over this action.

B.    Federal Question Jurisdiction

Although the complaint references 42 U.S.C. § 1985(3) and the Fourteenth Amendment to the United States Constitution,

---

[1] 28 U.S.C. § 1332(c)(1)indicates "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business ...."

4

plaintiff has not alleged facts that fulfill the requirements of federal question jurisdiction.

Section 1985 of Title 42 concerns conspiracies to violate civil rights.  Section 1985(3) deals with conspiracies intended to deprive an individual or class of persons of protected rights based on "'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'"  <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996), quoting <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971).  Because Mellen has made no allegation which even inferentially indicates that the defendants were motivated by any class-based, invidiously discriminatory animus, plaintiff's claim under Section 1985(3) must be dismissed.  <u>See Romero-Barcelo v. Hernandez-Agosto</u>, 75 F.3d 23, 35 (1st Cir. 1996) (conclusory statements are insufficient to support a § 1985(3) claim); accord <u>Slotnick v. Staviskey</u>, 560 F.2d 31, 33 (1st Cir. 1977).

Mellen also complains of the violation of his rights under the Fourteenth Amendment.  However, purely private conduct, such as that alleged in this case, no matter how wrongful or injurious, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment,[2] the two most common provisions under which

---

[2]Section 1983 imposes civil liability on an individual who "under color [of state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.

persons come into federal court to claim that others have violated their constitutional rights.  See Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982) (discussing state action requirement).  To the extent the complaint can be read to allege a violation of Mellen's constitutional rights, there are no additional allegations of "state action."

In the absence of either diversity or federal question jurisdiction over the parties' dispute, this case is subject to summary dismissal.  Because "[d]efective allegations of jurisdiction may be amended," 28 U.S.C. § 1653, the Court will allow Mellen to show cause why his action should not be dismissed for lack of subject matter jurisdiction.

IV   The State Law Claims

Because the court is likely to dismiss the federal claims against the defendants for the reasons stated above, grounds no longer exist for federal subject matter jurisdiction over Mellen's state law claims.  Under 28 U.S.C. § 1367, a "district court may decline to exercise supplemental jurisdiction" if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  See also Claudio-Gotay v. Becton Dickinson Caribe, Ltd., 375 F.3d 99, 105 (1st Cir. 2004), citing Rodriquez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the

early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims."). Here, the court will decline to exercise pendent jurisdiction over Mellen's state law claim.

<u>ORDER</u>

For the foregoing reasons it is hereby Ordered that:

1.   Plaintiff's Motion for Leave to Proceed in forma pauperis (Docket No. 2) is ALLOWED;

2.   Plaintiff's Motion to Appoint Special Process Server (Docket No. 6) is DENIED; and

3.   This action shall be dismissed within thirty-five (35) days of the date of this Memorandum and Order unless plaintiff demonstrates good cause why this action should not be dismissed. SO ORDERED.


 May 11, 2010                      /s/ Douglas P. Woodlock
DATE                              DOUGLAS P. WOODLOCK
                                  UNITED STATES DISTRICT JUDGE